AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 05 CR 858 |
| JESUS TRINIDAD CARO, ) | |
| ) | Magistrate Judge Maria Valdez |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the request of the government to detain the defendant, Jesus Trinidad Caro, pending his trial on charges of knowingly and intentionally possessing with the intent to distribute a controlled substance (at least five kilograms of cocaine) in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In this case, the government seeks to detain the defendant, under Section 3142(f)(1) of the Bail Reform Act of 1984 (Act), on the grounds that: (1) the case involves a drug offenses with maximum sentences of ten years or more; and (2) that the defendant poses a risk of flight.

Section 3141(f) of the Act "carefully limits the circumstances under which detention may be sought to the most serious of crimes." *United States v. Salerno*, 481 U.S. 739, 747 (1987). Stated another way, pretrial detention is "an exceptional step." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) (citing *Salerno*, 481 U.S. at 749). Thus, under the Act, pretrial release is mandated unless this Court finds that, regardless of any combination of conditions, "such release will not reasonably assure the appearance of the [defendant] as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b); *see also* § 3142(e).

A rebuttable presumption in favor of detention arises, 18 U.S.C. § 3142(e), in part, when probable cause exists in a case involving drug charges with a maximum term of imprisonment of ten years or more, 18 U.S.C. § 3142(f)(1)(C). This Court having previously found probable

cause in this matter, accordingly agrees with the government that the statutory rebuttable presumption in favor of detention is applicable. And yet, the inquiry does not end there as the government carries the ultimate burden of persuasion before this Court. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991) ("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the government."). Even if the statutory presumption is rebutted, it must be considered along with all other relevant factors set out in the Act to determine whether any condition or combination of conditions will reasonably assure that the defendant's pretrial release will not pose a danger to the community and assure his presence at trial. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).

Under the Act a defendant may be denied bail if, after a hearing, the government demonstrates by clear and convincing evidence, 18 U.S.C. § 3142(f)(2)(B), that "no condition or combination of [release] conditions will reasonably assure . . . the safety of the community," 18 U.S.C. § 3142(e). *See Portes*, 786 F.2d at 764. The government must show by a preponderance of the evidence that the defendant is a risk of flight and that no conditions or combinations of conditions will reasonably assure the defendant's presence. *Id.* at 765 (citing *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 n. 20 (8th Cir. 1985)).

Defendant in this case is charged with offenses that create a rebuttable presumption of detention. The statutory presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. *Portes*, 786 F.2d at 764. "The burden of production is not a heavy one to meet . . . ." *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). "Any evidence favorable to a defendant that comes within a category listed in § 3142(g)" can suffice. *Dominguez*, 783 F.2d at 707.

In making the determinations as to whether the defendant is a danger to the community and/or a flight risk, the Court must take into account the available information concerning the

following major factors, which are specifically set forth in Section 3142(g) of the Act:[1]

*§ 3142(g)(3)–Caro's History and Characteristics*

Section 3142(g)(3) instructs the Court to consider the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether he was subject to any other criminal justice supervision at the time of the charged offense.

Caro is a lawful permanent resident of the United States and has lived all but the first three years of his life in El Paso, Texas. He has some relatives in Mexico, whom he denies any contact. He is married and has been in a relationship with his wife since 1997. He also has two children that are U.S. citizens. He and his wife recently purchased a home. Mr. Caro has been steadily employed since 1989. Caro has a minor criminal record involving three misdemeanor offenses. The defendant also denied any history of substance abuse, but tested presumptively positive for the presence of cocaine on October 14, 2005.

The government asserts that all of Caro's "ties to the community" are outside of our district and greater weight should be given to community ties in the district in which the charges are pending. The defense counters that community ties under the Act encompass more that just a review of the defendant's ties to the charging district, thus the court should consider the community ties to the United States in general.

The Act does not specifically address which "community" is relevant for purposes of determining the strength of ties to the community. And, the government's position makes sense, the ties to the community that hold the greatest weight are the ties to the community in which the

---

[1] Pretrial Services has recommended that the defendant be released to the third-party custody of his wife on a secured bond with a number of conditions, including travel restrictions and drug treatment, if warranted. The Court notes that the Pretrial Service recommendation is made without consideration of the rebuttal presumption invoked by the government.

3

charges are pending. Nonetheless, the weight of the case authority seems to point to the consideration of ties to the community so long as they are within the United States. *See, e.g., Troung Dinh Hung v. United States*, 439 U.S. 1326, 1329 (1978) (focusing in part on defendant noncitizen's contacts in California albeit he was charged in the Fourth Circuit); *Dominguez*, 783 F.2d at 707 (focusing on a defendant Cuban immigrant's community outside the Seventh Circuit, namely ties to Florida and Nevada). If we are to consider Caro's ties to El Paso, Texas as relevant to the inquiry under the Act, then the balance of factors would tend to go in his favor.

*§ 3142(g)(4)--Danger to Community and Risk of Flight*

The Court concludes that the government has not met its burden of proving by clear and convincing evidence that Defendant Caro is a danger to the community. The charges against him are extremely serious. In addition, he has allegedly admitted to knowing that he was transporting a controlled substance (marijuana as opposed to cocaine). But the charge, at this stage is an accusation. 18 U.S.C. § 3142(j). The weight of the evidence against him is the "least important of the various factors." *U.S. v. Hammond*, 205 F. Supp.2d 1157, 1165 (E.D. Wis. 2002) (citing *United States v. Chen*, 820 F. Supp. 1205, 1207 (N.D. Cal.1992) (quoting *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)).

"A defendant cannot be detained as dangerous under § 3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions '*will* reasonably assure . . . the safety of the community . . . .'" *Dominguez*, 783 F.2d at 706-707. The nature and seriousness of the charge is only one factor to be considered under the Act. 18 U.S.C. § 3142(g)(1). Also identified are "the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history . . . ." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). These factors weigh in favor of Defendant Caro's release. Defendant has met his burden of rebutting the presumption. However, the presumption "remains in the case as an evidentiary finding militating against release, to be

weighed along with the other evidence relevant to the factors listed in § 3142(g)." *Portes*, 786 F.2d at 764.

On the issue of dangerousness, the government must point to more than the charges to justify detention. *Chen*, 820 F. Supp. at 1207 (citing *Motamedi*, 767 F.2d at 1408). Defendant Caro has presented information tending to show that he is not a danger. He has a stable residence and employment in El Paso, Texas. His prior criminal record is not extensive and consists of misdemeanor offenses. He is in a stable relationship with his a wife and minor children with whom he resides. The government does not contest this evidence. Significantly, the government does not explain why the conditions recommended by Pretrial Services will not assure the safety of the community. "[E]vidence of economic and social stability, coupled with the absence of any [recent] criminal record, at least suggests that defendant[ ] would be less likely to continue to engage in criminal activity while on pretrial release." *Dominguez*, 783 F.2d at 706-707.

The government asserts that Caro's residence is close to the U.S.-Mexico border, and if he is released, the risk of flight is greater. This is certainly one factor for the Court to consider, but it goes to the "conditions of release" rather than the decision to release. The mere opportunity to flee is not enough to justify detention. *Chen*, 820 F.Supp. at 1208 (citing *U.S. v. Himler*, 797 F.2d 156, 162 (3d. Cir. 1986)). Despite the statutory presumption, the ultimate standard for the Court in a case like this remains one of "reasonable assurance" that the defendant will appear for trial and will not endanger the community. Reasonable assurance, however, should not be mistaken for absolute assurance. The Court cannot order detention merely because there are no conditions that would *guarantee* the defendant's appearance at trial. *Portes*, 786 F.2d at 764 n.7 ("The conditions need not guarantee appearance but they must reasonably assure appearance") (citing *Orta*, 760 F.2d at 891-92).

Further, defendant has reasons to stay and not flee. He has a home, two U.S. citizen children and a U.S. citizen wife who currently receives U.S. military benefits monthly in the

5

amount of $1,450, a fairly substantial sum. Although his status as a lawful permanent resident does expose him to the potential for removal proceedings if convicted, he may also seek to dispute the immigration proceedings and attempt to stay in this country. Mr. Caro has resided in the U.S. since he was three years old. He does not have strong family ties to Mexico. If he leaves the U.S., he will most likely leave his wife and children behind. It is questionable that Luz Caro will go on the lam with her husband and give up her military benefits and subject her U.S. citizen children to lesser opportunities than those afforded in the United States.

The Court is reluctant to conclude that a serious flight risk or danger to the community must be found in an otherwise stable life solely because the charge asserted by the government carries lengthy prison sentence and because his ties to the community, while substantial, are ties to El Paso, Texas. The Court has considered the evidence on the factors, the rebuttal presumptions invoked in the case, and the recommendation of Pretrial Services to grant bond. The Court finds that the government has not meet its overall burden and hereby orders the defendant released on a $50,000 bond, partially secured by the residence located at 12628 Tierra Cuervo, El Paso, TX, and to the third-party custody of his wife, Luz Caro, with the following special conditions:

1. Report to the Pretrial Services Office, as directed;
2. Obtain no passport;
3. Travel restricted to the Southern District of Texas and the Northern District of Illinois;
4. Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution including all co-defendants;
5. Refrain from possessing a firearm, destructive device, or other dangerous weapon;
6. Refrain from use or unlawful possession of a narcotic drug or other controlled substances;

7. Submit to any method of testing required by the Pretrial Services Office for determining whether the defendant is using a prohibited substance; and
8. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Service Office.

**SO ORDERED.**  **ENTERED:**

Dated: 11/2/05

*Maria Valdez*
**HON. MARIA VALDEZ**
**United States Magistrate Judge.**